## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS HUDSON-BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00272-O |
| | § | |
| NEXTGEN LEADS LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Agreed Motion to Conduct Discovery on Agreement to Arbitrate and to Stay Rule 16 Conference ("Agreed Motion") (ECF No. 17), filed June 5, 2024. Having considered the Agreed Motion and applicable law, the Court **DENIES** the request to conduct discovery in stages, to begin exclusively with discovery of the threshold question of arbitrability. Additionally, the Court **DENIES** the request to stay the Rule 16 conference and **DENIES** the request to extend the briefing deadlines for Defendant's Motion to Compel Arbitration (ECF No. 10).

## I.    LEGAL STANDARD

Federal district courts possess the inherent power to control proceedings in their courts. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). This includes broad discretion to regulate discovery. *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). The power to stay any part of a case—or even the entire proceeding—is incidental to a court's power to dispose of cases to promote fair and efficient adjudication. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Despite this discretion, a stay should not be automatically granted. *Gillani Consulting, Inc. v. Ferguson Entrs., Inc.*, No. 3:07-cv-1488-O, 2008 WL 11425717, at *1 (N.D. Tex. Nov. 10, 2008) (O'Connor, J.); *see also Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5

(N.D. Tex. June 26, 2017) ("[A] stay is not automatically granted whenever a motion to dismiss is pending."). That is because a stay is an "extraordinary step." *Valenzuela*, 2017 WL 2778104, at \*6 (citation omitted). If the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect. Because no such provision exists, courts should only exercise "discretion to stay discovery 'for good cause shown.'" *Von Drake v. Nat'l Broad. Co*., No. 3-04-CV-0652R, 2004 WL 1144142, at \*1 (N.D. Tex. May 20, 2004) (quoting Fed. R. Civ. P. 26(c)).

Good cause exists when there is a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). More concretely, courts actualize this sentiment by relying on three factors when determining whether to grant a discretionary stay: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake*, 2004 WL 1144142, at \*1.

To warrant a stay, there must be "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at \*5 (M.D. La. June 29, 2021). Upon making a sufficient showing of good cause, a district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Indeed, "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Courts in the Fifth Circuit

routinely decline to stay discovery pending the resolution of another motion because this alone falls short of demonstrating good cause.[1] This Court is no exception.[2]

## II.     ANALYSIS

In the Agreed Motion, the parties argue that the Court should stay discovery on the merits and the Rule 16 conference due to a potential factual dispute regarding whether there is an agreement to arbitrate.[3] As a result, the parties believe that "initial discovery should be limited to the existence of an agreement between the parties to arbitrate."[4] Given these requests, the parties also ask for a 120-day extension of the briefing deadlines for the pending Motion to Compel Arbitration.[5]

The Court finds that the parties have not carried their burden. The parties say nothing in the Agreed Motion about the breadth of discovery that will occur beyond the threshold arbitrability question. Nor do they explain how the burden of full discovery on the merits will cause them to suffer any hardship or inequity if a stay is denied. Instead, the parties merely argue that "this threshold issue may determine whether this action may proceed before this Court."[6] This

---

[1] *See, e.g., Ashford Inc.*, 2015 WL 11121019, at *2 (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-00774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767–68 (W.D. Tex. 2008) (Rule 12(b)(6) motion); *Par. of Jefferson v. S. Recovery Mgmt., Inc.*, No. 96-0230, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996) (Rule 12(b)(1) motion).

[2] *See, e.g., Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2479-O, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015) (Ramirez, M.J.) (denying a request to stay discovery when the moving party "d[id] not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff"); *Gillani Consulting, Inc.*, 2008 WL 11425717, at *3 (accepting the magistrate judge's recommendation that the motion to stay should be denied).

[3] Agreed Mot. 1, ECF No. 17.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 1.

speculation does not even amount to the usual inconveniences and costs that are associated with discovery practice. This is not enough.

Moreover, the Court notes that sending this case to arbitration would not end this lawsuit. Rather, granting the Motion to Compel Arbitration would merely cause this dispute to proceed in a different forum—arbitration. That means that discovery on the merits would continue—a reality that undermines the need for a stay of discovery on the merits in this case. *Cf. Graham v. Dyncorp Int'l, Inc.*, No. 3:13-cv-65, 2013 WL 11331000, at *1 (S.D. Tex. Aug. 8, 2013) (Costa, J.) ("Because this case will surely go forward, either in this district or in another, discovery should proceed."); *Venable's Constr., Inc. v. ONEOK Arbuckle II Pipeline, L.L.C.*, No. 2:20-cv-18-Z-BR, 2020 WL 11891326, at *3 (N.D. Tex. Apr. 30, 2020) (Reno, M.J.) (same). That is why "although the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in *this Court*, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery." *Valenzuela*, 2017 WL 2778104, at *5 (emphasis added).

In addition to the parties' failure to carry their burden, the Court also has discretion to manage its docket "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis*, 299 U.S. at 254–55. Because the Fort Worth Division features one of the busiest dockets in the entire nation based on filings per

4

judge, the Court cannot efficiently and expeditiously resolve cases by handing out discretionary stays when good cause is lacking. The Court recently described at length in other cases the nature of its docket and how this reality governs against granting stays unless truly warranted.[8] These docket considerations matter because they reveal why the Court can ill afford to accommodate unwarranted stays absent a true showing of good cause. The Court must keep each case moving at a prompt pace to effectively manage the docket. And if a decision to grant a stay is a close call, these docket considerations weigh in favor of cases proceeding to avoid the additional congestion that will assuredly follow delays. That is why this case—like every other case on the Court's docket—must continue to progress absent a clearly sufficient reason to the contrary.

Continued progress also comports with the Court's obligation to ensure cases move at a diligent page toward final resolution. *See* FED. R. CIV. P. 1 (identifying the duty to "secure the just, *speedy*, and inexpensive determination of every action and proceeding" (emphasis added)); *see Fed. Nat'l Mortg. Ass'n v. K.O. Realty, Inc.*, No. 3:13-cv-2781-L, 2014 WL 12588308, at *1 (N.D. Tex. Feb. 4, 2014) ("Staying discovery pending resolution of a motion . . . is not an efficient means of managing litigation because it unnecessarily prolongs the ultimate resolution of the parties' claims."). That is why it is this Court's consistent practice to require Rule 16 conferences and issue scheduling orders despite a pending motion to dismiss and, subsequently, decline to stay discovery or other deadlines—even when agreed—absent a sufficient showing of good cause. This way, cases do not languish.

---

[8] *See, e.g.*, April 26, 2024 Order, *X Corp. v. Media Matters for America, et al.*, No. 4:23-cv-01175-O (N.D. Tex. Nov. 20, 2023) (ECF No. 54) (reciting statistics regarding the Fort Worth docket); April 4, 2024 Order, *Ferguson et al v. Lockheed Martin Corporation*, No. 4:24-cv-00025-O (N.D. Tex. Jan. 22, 2024) (ECF No. 126) (same); April 10, 2024 Order, *de Moor., et al. v. Anthem Blue Cross, et al.*, No. 4:23-cv-00968-O (N.D. Tex. Sept. 2, 2023) (ECF No. 59) (same).

### III.    CONCLUSION

The Court finds that the parties failed to establish good cause to warrant the relief they seek. Therefore, given the Court's general interest in efficiently managing its docket—an interest that is rarely served by staying discovery or the entire case pending the outcome of even an arguably meritorious dispositive motion—and the absence of good cause, the Court exercises its discretion to **DENY** the Agreed Motion to Conduct Discovery on Agreement to Arbitrate and to Stay Rule 16 Conference (ECF No. 17). Accordingly, the parties **SHALL** file their Report for Contents of Scheduling Order by **June 26, 2024** deadline. Furthermore, the parties **SHALL** comply with the standard briefing schedule for dispositive motions as outlined in the Court's Local Civil Rules. And, finally, discovery **SHALL** proceed in the normal course on all issues—threshold arbitrability and on the merits—without bifurcation.

However, should discovery produce additional information that will assist the Court with in evaluating the Motion to Compel Arbitration, a party may seek leave to file a supplemental brief containing that information. Or, if the Court has already ruled on the Motion to Compel Arbitration, a party may seek to compel arbitration in the manner allowed for by the Federal Rules of Civil Procedure—be it seeking reconsideration in light of new information or reasserting the motion to compel arbitration.

**SO ORDERED** this **17th day** of **June, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**